IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


SANDIE KEISTER, ON BEHALF OF THE
ESTATE OF KAREN ORR (DECEASED)                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:23-CV-00027-GHD-DAS

DOLGENCORP, LLC, AND
JOHN AND JANE DOES 1-10                                          DEFENDANTS

## ORDER

The plaintiff moved to compel discovery [Dkt. 16] and the defendant moved to quash

and/or for a protective order regarding the plaintiff's 30(b)(6) deposition notice. [Dkt 23].  The

plaintiff's decedent, Karen Orr, was injured when she tripped and fell on an empty stack base in

the Dollar General Store in Ackerman, Mississippi. A stack base is a square/rectangular base that

appears from photographs to be approximately four to six inches tall. Multiple bases were

placed, side by side, in one area of the store and Coca-Cola products stacked on the bases to form

a display for the drinks. The products were stacked by an independent beverage distributor the

day before the incident. Orr alleges she sustained substantial medical expenses because of the

fall. The defendant has stipulated that it is vicariously liable for any negligence by its employees.

Having considered the motions, responses, supporting briefs and oral argument by

counsel, the court rules on the plaintiff's motion to compel discovery as follows:

### 1. SOP 7 - Stock Counts

The plaintiff sought the standard operating procedure (SOP) on stock counts believing

that it might reflect information about the stocking of the Coca-Cola products and so potentially

be relevant to the facts of this case. Defense counsel has represented that this SOP establishes the

defendant's practice of intermittently directing managers to do physical inventory counts of

specific core products and advertised specials because of detected discrepancies or shrinkage in

inventory levels. The court finds this SOP irrelevant to the present action, and the motion is denied.

### 2.  SOP 48 - Customer 1st Service

This standard operating procedure addresses customer relations generally including matters like addressing customers when they come in, getting them a basket, helping them find items, and keeping lines at the registers from becoming too long. Again, the court finds this SOP irrelevant to the present litigation, and the motion to compel it is denied.

### 3. SOP 109 - Daily Planner

Per counsel and the deposition testimony of the store manager, this SOP details how store managers are to use the daily planners. The managers use these planners to list the jobs or tasks to be accomplished throughout the day, when tasks will be done, and designate the employees assigned to each task. The plaintiff also has requested the Daily Planner for the date of the incident. This document was not preserved and/or has been lost, and therefore cannot be produced. The defendant does, however, have a blank form of the daily planner, and the court finds this along with SOP 109 may provide clarity on the proper use of the daily planner. Accordingly, the defendant is directed to produce both a blank daily planner and SOP 109.

### 4. SOP 125 - Monthly Safety Training Newsletter

This SOP sets out Dolgencorp's practice of sending out monthly safety training newsletters. The policy requires the posting of these newsletters on the store bulletin board and requires store managers to conduct safety meetings on the content with employees. The plaintiff requested -- and the defendant has previously produced -- the monthly safety training newsletters for a period of one year prior to the incident. The court finds production of the newsletters themselves is sufficient and the SOP 125 would be irrelevant.

### 5. SOP 133 - Code of Ethical Conduct

This SOP provides that the company has and operates pursuant to a Code of Ethics. Furthermore, the Code of Ethics itself addresses safety only by noting the company's general goal of providing safe products to its customers. Consequently, the court finds the SOP irrelevant to the present action, and the defendant does not need to produce it.

### 6. SOP 134 - Training and Orientation

SOP 134 sets out the ways and resources to be used to train new employees. The training of employees is, at best, only tangentially related to the issues in this case. The defendant represented it has already produced the policies and documents addressing training specific to stocking, maintaining the floors, and avoiding/correcting hazards. The court finds this previous production is sufficient.

### 7. SOP 137 - Performance Reviews

According to the defendant, SOP 137 requires store managers to conduct annual performance reviews. Because the personnel files of the seven employees on duty at the time of the incident have been previously produced to the plaintiff, this request is denied.

### 8. SOP143 - Mandatory and Bulletin Board Postings

This SOP sets out the company policy that prohibits the posting of any material on the store bulletin board except official company postings, and postings required by law, such as OSHA and Workers Compensation notices. Accordingly, this SOP is irrelevant to the present action, and thus, the court will not order its production.

### 9. Model Store Visual Guide

Dolgencorp provides a pictorial guide showing its manager and employees how the store should look. This includes pictorial guides for store entrances, check out area, stock rooms, clearance areas, bathrooms, and other areas on the premises. The defendant has produced the

portions of the Model Store Visual Guide that would address the pertinent areas and practices. The court is unconvinced that any other part of the guide is discoverable.

### 10. Code of Business Ethics

Because the Code of Ethics does not address safety issues relating to stocking, inspections, tripping hazards, or store safety generally, but only provides the company's goal of providing safe products to its customers, the Code of Ethics is not relevant. Accordingly, the motion is denied as to this request.

### 11.  Store Employee Safety Handbook

Plaintiff's counsel advises that he was able to locate an online version of this book dating from before this incident but was unable to determine if this is the version of the handbook that was effective when Orr was injured. The defendant represents that it has produced all relevant sections of this book addressing customer and aisle safety, and directions to correct detected hazards or to notify the manager. Despite the plaintiff having obtained some version of this document from outside sources, plaintiff has not pointed to anything in its version that indicates other germane parts have or may have been withheld. The court therefore declines to order production of this document.

### 12. OSHA Citations

The plaintiff seeks OSHA citations for this store and other stores within Mississippi and for reports of similar incidents in this and other Mississippi stores. Counsel pointed out during the hearing that the Ackerman store is an award-winning location within the company and has never received an OSHA violation. The court is unconvinced that either OSHA violations or incidents at other stores are relevant. The court orders the defendant to identify any similar incident occurring in the Ackerman store during the three years before the subject incident. By "similar incident" the court means any incident resulting in an injury to an employee or customer

from tripping, falling on, over or because of a stack base, merchandise, or other fixture/display in that store.

### 13. StoreNet/Training Videos

The training videos employed by the defendant cover a wide range of completely irrelevant topics, including by way of example, how to safely use a box cutter, safely lifting heavy objects, proper use of ladders, and using rolltainers. Defendant represents that there are no training videos that would address the routine safety checking on aisles. There is a video addressing "recovery time," which begins in mid-afternoon and extends to closing time. This video instructs employees to return misplaced items to their proper place, front up the shelves, put shopping carts back in place, and other store care. Nevertheless, the court is unconvinced that this video would provide relevant information, and thus the court will not order its production.

### 14. Quality Store Visits

Quality Store Visits occur in stores two to four times per year when a district manager inspects the stores and makes a record of any problems noted during the visit. No such documentation has been found for the Ackerman store, which may indicate either a failure to preserve and/or capture the information or may indicate that no such information was created.

In this case, the Ackerman store manager indicated that she kept a notebook on her personal initiative, which would have contained any notes she made during these visits, but she no longer has the notebook. Because the requested documents do not exist, the court cannot order them produced.

### 15. EZ Planner, Daily Planner

The above names both refer to the Daily Planners. The name was changed before this incident. The daily planners for the day of the incident were not preserved and/or are lost.

However, if the defendant has possession of a blank form of this document, it shall produce the blank form.

### 16. Store Manager Notebooks, Store Walks

The defendant has a system for recording parts of store manager walks on an electronic system. A search of that system has not shown any data in this system. As previously mentioned, this manager, as a matter of personal choice, kept a notebook, but did not retain it. Again, if documents requested do not exist, the court cannot order production.

### 17. Surveillance Footage

The plaintiff has sought any surveillance video from the day of this incident. Per defense counsel there was no camera pointed toward the area where the plaintiff fell and was injured. Other video taken that would show the plaintiff entering the store and being taken out of the store after her injury was captured. The defendant contacted a third party to retrieve the videos from that day, but for some reason, this party was unable to upload or copy the video from the store system. Sometime thereafter a request was made and repairs were done on the system to correct the problem. The defendant has no video that it can produce from that date.

### 18. Spoliation instruction

The court, without objection from the plaintiff, finds that the request for a jury instruction regarding possible spoliation is premature. That portion of the motion is denied without prejudice.

### Defendant's Motion to Quash or for Protective Order

The court also discussed the defendant's motion to quash/for a protective order on the plaintiff's 30(b)(6) deposition notice with the parties. The parties have agreed that the date the defendant received notice that the plaintiff was represented by counsel will mark the division

between normal "course-of-business" investigation and the time when acts done were in anticipation of litigation.

Notwithstanding this agreement, the parties have agreed that the plaintiff can make inquiries into the video system; why there is no video available of the incident/day of the incident; and inquire about the subsequent repairs/replacement to the camera system, regardless of the date of notice of plaintiff retaining counsel.

The parties agreed that the ruling on the motion to compel would likely dispose of the remaining issues raised in the defendant's motion. The court therefore denies that motion as moot without prejudice. Counsel shall set up a telephonic conference with the court if any issues relating to that motion and the 30(b)(6) notice need to be resolved by the court.

**IT IS, THEREFOR, ORDERED** that the documents/items ordered produced above shall be provided to the plaintiff not later than fourteen days from the date of this order. The motion to compel is otherwise denied. The motion to quash or for a protective order is denied as moot without prejudice.

**SO ORDERED** this the 10th day of August, 2023.

<u>**/s/ David A. Sanders**</u>
**U.S. MAGISTRATE JUDGE**