IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SANDIE KEISTER, ON BEHALF OF THE**
**ESTATE OF KAREN ORR (DECEASED)**            **PLAINTIFF**

**VERSUS**            **CIVIL ACTION NO. 1:23-CV-00027-GHD-DAS**

**DOLGENCORP, LLC, AND**
**JOHN AND JANE DOES 1-10**            **DEFENDANTS**

## ORDER

This court held a telephonic status conference to consider a discovery dispute between the parties.

The plaintiff's decedent received injuries when she tripped over an empty stack base placed in the middle of an aisle in the Dollar General Store in Ackerman, Mississippi. A stack base is a square or rectangular base some four to six inches high. Coca-Cola Products were loaded onto a row of these stack bases and were to be removed from the floor by Dollar General employees as the products were sold down.

Through depositions of defense witnesses, evidence was developed, which showed that the practice in the Ackerman store of stocking soft drinks on these stack bases in the center of its extra-wide aisle, was unique among the twenty-two stores supervised by its district manager. The plaintiff propounded two interrogatories in its Fourth Set of Interrogatories, requesting the defendant state how many stores, in Mississippi ,and in all of the United States, also stock drinks in the middle of an aisle.[1]  The defendant objected to these interrogatories.

---

[1] **INTERROGATORY NO. 1:** Please state how many Dollar General stores were in operation on 11-30-19 in Mississippi and state how many display drinks similar to the Ackerman store and area of fall. (See Ackerman store layout and aisle photo attached as Exhibit "A") (See 30b6

The defendant points out that this court has already ruled that incidents in other stores are not relevant to this action. The court finds that the layout and stocking practices in other stores are likewise not relevant to the question of liability in this case.

The court further finds that compiling the information would be very time consuming and burdensome to the defendants, and this burden is not proportional to any need for the discovery. Fed.R.Civ.P. 26 (b)(1). The defense has represented to the court that there are more than 19,000 Dollar General Stores nationwide and 625 stores in Mississippi. The only way to determine if the stores are stocking soft drinks like they are stacked in the Ackerman store would be to contact each store individually. Furthermore, because the relevant time frame is 2019, such inquiries would likely not yield much of the requested information. Plaintiff's counsel suggested the search can be limited by addressing inquiries only to those stores with layouts showing an

---

transcript where the representative testified that the Ackerman store is the only store in the district that displays drinks in the middle of the aisle. Page 13, Line 23-25 "As the district manager, how many stores do you supervise as a district manager?" "22"; Page 14, Line 8-9 "There's -- Ackerman is he only store that has it's -- that design."; Page 14, Line 16-18 "Ackerman is the only store that has drinks in that particular location is the best way to answer that." attached as Exhibit "B")

**Answer:** Objection is made to this Interrogatory because it seeks information outside the permissible scope of discovery. Objection is further made to this Interrogatory because it is overly broad and unduly burdensome.

**INTERROGATORY NO. 2:** Please state how many Dollar General stores were in operation on 11-30-19 in the nation and state how many display drinks similar to the Ackerman store and area of fall. (See Ackerman store layout and aisle photo attached as Exhibit "A") (See 30b6 transcript where the representative testified that the Ackerman store is the only store in the district that displays drinks in the middle of the aisle. Page 13, Line 23-25 "As the district manager, how many stores do you supervise as a district manager?" "22"; Page 14, Line 8-9 "There's -- Ackerman is he only store that has it's -- that design."; Page 14, Line 16-18 "Ackerman is the only store that has drinks in that particular location is the best way to answer that." attached as Exhibit "B")

**Answer:** Objection is made to this Interrogatory because it seeks information outside the permissible scope of discovery. Objection is further made to this Interrogatory because it is overly broad and unduly burdensome.

extra-wide aisle that is necessary to accommodate this type of stocking, but this proposed limitation would not significantly ease the burden. Dolgencorp has an unknown number of older stores like the Ackerman store that did not have standardized layouts. Only the newer stores were constructed from Dolgencorp's current limited number of approved floor plans, and only the newer stores could be quickly identified based on which standardized floor plan was used.

    **IT IS, THEREFORE, ORDERED** that the request to compel responses to the above interrogatories is hereby DENIED. The information sought is not relevant to this action and obtaining it too burdensome and expensive to be proportional to any need for the information.

    **SO ORDERED** this the 13th day of February, 2024.

                                           **/s/ David A. Sanders**
                                           **U.S. MAGISTRATE JUDGE**