IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SANDIE KEISTER, On Behalf of the
Estate of Karen Orr (Deceased)                                                                         PLAINTIFF

v.                                                   CIVIL ACTION NO. 1:23-cv-00027-GHD-DAS

DOLGENCORP, LLC; *et al*.                                                 DEFENDANTS

**OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Presently before the Court in this premises liability action is the Defendant Dolgencorp, LLC's motion for summary judgment [Doc. No. 49]. Upon due consideration, the Court finds that the motion should be granted and the Plaintiff's claims dismissed.

### *I.     Factual and Procedural Background*

The Plaintiff claims that her now-deceased mother, Karen Orr, was injured when she tripped and fell on an empty Coca-Cola "stackbase" inside a Dollar General store in Ackerman, Mississippi, on November 30, 2019 [2].[1]

The Plaintiff filed her Complaint in state court on July 18, 2022, asserting claims for, *inter alia*, negligence (premises liability), negligent infliction of emotional distress, and seeking compensatory and punitive damages [2].[2] The Defendant subsequently removed the case to this Court on February 23, 2023 [1]. The parties conducted discovery, and the Defendant has now filed the pending motion for summary judgment as to all of the Plaintiff's claims. The Plaintiff opposes the motion.

---

[1]      A stackbase is a square/rectangular crate or pallet that appears from photographs to be approximately four to six inches tall onto which twelve-packs of soda are stacked [49-1]. In this particular Dollar General store, a row of stackbases, side-by-side with drinks stacked on top to form a display for the drinks, is located on the floor in the back-left aisle of the store [49-1]. The products were stacked by an independent beverage distributor the day before the incident.

[2]      The Plaintiff does not assert a claim for wrongful death [49-2, at p. 79].

## II. *Summary Judgment Standard*

Although " '[a] motion for summary judgment cannot be granted simply because there is no opposition,' . . . a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015). This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However,

a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### III. Analysis and Discussion

The Defendant argues that summary judgment in its favor is warranted because there is no evidence that the Defendant caused an unsafe condition, or had actual or constructive knowledge of an unsafe condition, and no evidence of the length of time that the alleged unsafe condition existed prior to the fall. As described below, the Court agrees.[3]

Under Mississippi law, a store proprietor "owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition and, if the operator is aware of a dangerous condition which is not readily apparent to the invitee, he is under a duty to warn the invitee of such condition." *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992) (quoting *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293, 295 (Miss. 1988)); *accord Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199-1200 (Miss. 2008). The parties do not dispute that Ms. Orr qualified as a business invitee at the time of her fall and was therefore owed this duty of reasonable care.

A proprietor, however, "is not an insurer against all injuries." *Munford, Inc.*, 597 So. 2d

---

[3] The Court notes that in this diversity action, the *Erie* doctrine applies and thus the determination whether the Defendant's motion is meritorious is guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

at 1284 (quoting *Jerry Lee's Grocery, Inc.*, 528 So. 2d at 295). Accordingly,

> for a plaintiff to recover in a slip-and-fall case, he must show that the proprietor had actual knowledge of a dangerous condition, *or* the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, *or* the dangerous condition was created through a negligent act of a store's proprietor or his employees.

*Id.* (emphasis in original). In other words, if a store operator did not have prior notice, whether actual or constructive, and did not create the dangerous condition, it is not liable for a plaintiff's injuries. *Id.*; *Pigg*, 991 So. 2d at 1200.

In the case *sub judice*, as noted above, the Defendant asserts that it is not liable because there is no evidence to demonstrate that it created the hazardous condition or had prior actual or constructive notice of it. The Plaintiff's response, essentially, argues for the doctrine of *res ipsa loquitur* to be imposed upon the Defendant, and contains no evidence whatsoever that the Defendant either created an unsafe condition or that the Defendant had actual or constructive knowledge of the condition. See, e.g., *Cain v. Wal-Mart Stores East, LP*, No. 5:21-CV-80-KS-BWR, 2022 WL 19001851, at *2 (S.D. Miss. Nov. 2, 2022) (holding that "the doctrine of *res ipsa loquitur* is inapplicable in premises liability cases"), citing *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966).

### A. Whether the Defendant Created a Dangerous Condition

The Plaintiff has not provided any competent summary judgment evidence to show that the Defendant caused the allegedly dangerous condition. The Plaintiff admits that she has no evidence indicating that the subject stackbase was in fact empty at the time of the fall or the last time that a store employee was in the area of the store where Ms. Orr fell. [49-2, at pp. 47, 48]. Likewise, none of the store employees who were deposed caused or know who caused the subject stackbase to become empty [49-4, at p. 114; 49-5, at pp. 178-179]. Mississippi courts are

clear that although a plaintiff "need not *definitively* prove" how an unsafe condition was created or by whom, there must be sufficient evidence to reasonably conclude that the allegedly unsafe condition was traceable to an act by the proprietor or its employees. *Clinton Healthcare, LLC v. Atkinson*, 294 So. 3d 66, 72 (Miss. 2019). Importantly, the evidence in the record "must be such that it creates a legitimate inference that places it beyond conjecture." *Green v. Supermarket Operations, Inc.*, 330 So. 3d 434, 439 (Miss. Ct. App. 2021) (quoting *Higginbotham v. Hill Bros. Constr. Co.*, 962 So. 2d 46, 58 (Miss. Ct. App. 2006)). Here, the Plaintiff has not presented any evidence beyond conjecture. Only speculation suggests that the Defendant or its employees created any hazard on the floor. The Plaintiff simply lacks sufficient evidence to create a genuine inference that the Defendant's employees caused the stackbase to become empty and that the empty stackbase created a hazardous condition on the floor where Ms. Orr tripped.

In short, the evidence is insufficient to create a material fact question as to whether the Defendant or its employees created a hazardous condition. See *Green*, 330 So. 3d at 439.

B. *Whether the Defendant had Prior Actual or Constructive Notice of a Dangerous Condition*

In the absence of evidence that Defendant created a dangerous condition, the Plaintiff must demonstrate that Defendant had prior knowledge of the condition, whether actual or constructive. *Munford, Inc.*, 597 So. 2d at 1284.

Here, there is no evidence that the Defendant or any of its employees had actual knowledge that the stackbase was empty. The Plaintiff admits that (1) she has no knowledge or evidence whether any store employees knew the stackbase was empty; (2) has no knowledge or evidence regarding the last time a store employee was in that area of the store prior to Ms. Orr's fall; and (3) has no knowledge or evidence whether any employee saw the empty stackbase before Ms. Orr fell [49-2, at p. 48]. Further, none of the deposed store employees knew if the stackbase was empty or partially empty prior to the fall [49-3, at pp. 214, 216; 49-4, at p. 11; 49-

5

5 at pp. 179-180]. Accordingly, there is no evidence in the record that is sufficient to permit an inference that the Defendant had actual knowledge of any dangerous condition. See *Jones v. Imperial Palace of Miss., LLC*, 147 So. 3d 318, 321 (Miss. 2014) (finding no actual knowledge of a dangerous condition where the defendant knew that some of its parking bumpers were misaligned but "the plaintiff produced no evidence that [the defendant] knew or had reason to know that the particular bumper that caused [the] injury was misaligned"); *Jacox v. Circus Circus Miss., Inc.*, 908 So. 2d 181, 184-85 (Miss. Ct. App. 2005); *Pioneer Expl., L.L.C.*, 767 F.3d at 511 (noting that speculation and improbable inferences are not sufficient at the summary judgment stage).

As for constructive notice, the Plaintiff must show that the dangerous condition existed for a long enough period that Defendant should have known of its existence had it exercised reasonable care. *Jacox*, 908 So. 2d at 185. To show the amount of time that the condition existed, a plaintiff must have "specific proof as to the actual relevant length of time," and "the court will indulge no presumptions to compensate for any deficiencies in the plaintiff's evidence as to the time period." *Id.* (citing *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 286 (Miss. 1986)); *Cotton v. Fred's Stores of Tenn., Inc.*, 122 So. 3d 140, 143 (Miss. Ct. App. 2013). Such impermissible presumptions include relying on the time between the last inspection of the floor and the fall. *Waller*, 492 So. 2d at 286.

As is the case with actual notice, the Plaintiff's evidence with respect to constructive knowledge falls short and relies solely on speculation and conjecture. The Plaintiff admits she has no evidence or knowledge regarding the length of time the subject stackbase may have been empty prior to the fall [49-2, at p. 48]. And the unrebutted testimony of the store employees is that none of them knew how long the stackbase had been empty before Ms. Orr fell [49-4, at p.

6

114; 49-5, at pp. 179-180]. Given this testimony, the Court cannot presume that the stackbase had been empty for a sufficient period of time to permit an inference that the Defendant had constructive knowledge of the condition. See *Jacox*, 908 So. 2d at 185; *Waller*, 492 So. 2d at 286.

In sum, the Plaintiff relies on speculation as to the amount of time that any dangerous condition existed. Such conjecture does not provide "specific proof as to the actual relevant length of time" as is required to establish constructive notice. *Jacox*, 908 So. 2d at 185. The Defendant is therefore entitled to summary judgment as to the Plaintiff's premises liability negligence claim.

### C. The Plaintiff's Remaining Claims

The Plaintiff asserts a failure-to-inspect claim. The Defendant's duty to keep the premises reasonably safe includes a duty to inspect the premises. See *Jones v. Imperial Palace of Miss., LLC*, 147 So. 3d 318, 321 (Miss. 2014) ("Within a premises owner's duty to keep the premises reasonably safe is included a duty to conduct reasonable inspections."). To establish that the Defendant breached this duty, the Plaintiff must present evidence of the length of time the stackbase was empty. See *id.* at 322 ("The issue of reasonable inspections becomes important where evidence of the duration of the hazard has been produced."). Because the Plaintiff has presented no evidence of the length of time the stackbase was empty, she fails to meet her burden to establish a negligent act by the Defendant based on failure to inspect the premises. *See id.* (plaintiff must present "temporal evidence" to show reasonable inspection would have revealed dangerous condition).

The Plaintiff's remaining claims for failure-to-warn, negligent hiring, negligent infliction of emotional distress, breach of contract, and gross negligence similarly fail. The failure-to-warn claim fails for the reasons that her primary premises liability claim fails – there is not sufficient

evidence to support an inference that the Defendant created an unsafe condition or that the Defendant had knowledge, actual or constructive, of the condition's existence. The Defendant therefore had no opportunity, and therefore no duty, to warn of the condition. *McCullar v. Boyd Tunica, Inc.*, 50 So.3d 1009, 1012 (Miss. Ct. App. 2010). The Plaintiff presents no evidence regarding her negligent hiring/training claim and does not explain how the Defendant should have hired/trained its employees or how hiring or training them differently would have prevented Ms. Orr's fall. This claim therefore fails. The Plaintiff's remaining claims, for negligent infliction of emotional distress, breach of contract, and gross negligence fail for the reasons her premises liability claim fails, which are stated above.

In sum, the Court finds that there is simply no evidence, beyond speculation and conjecture, to support the Plaintiff's claims in this matter. There is no evidence that the Defendant was negligent. The Court finds that summary judgment is therefore appropriate. See, e.g., *Love v. Aaron's, Inc.*, No. 1:18CV181-GHD-DAS, 2019 WL 4197591 (N.D. Miss. Sept. 4, 2019) (this Court granting summary judgment in negligence case where plaintiff tripped over box that movers had placed on floor while unloading furniture); *Stockstill v. Wal-Mart Stores, Inc.*, No. 1:05CV181, 2006 WL 1722284 (S.D. Miss. June 21, 2006) (granting summary judgment in negligence case where plaintiff tripped over unmarked curb on Defendant's premises. The Plaintiff, therefore, cannot establish any of her claims, no genuine issue of material fact remains, and the Defendant is entitled to judgment as a matter of law.

### IV. Conclusion

In sum, for all of the foregoing reasons, the Court finds that no genuine dispute of material fact remains, and summary judgment in favor of the Defendant is appropriate. The

Defendant's Motion for Summary Judgment [Doc. No. 49] shall, therefore, be granted, and the Plaintiff's claims dismissed.

An order in accordance with this opinion shall issue this day. THIS, the 25th day of June, 2024.

_____
SENIOR U.S. DISTRICT JUDGE